ORIGINAL

**FILED**

JUL - 9 2008

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

DAVID HARE
P.O. BOX 824
Indian Head MD 20640
    Petitioner

V

OFFICE INSPECTOR GENERAL
United States Department of Labor
Room S-5506
200 Constitution Avenue NW
Washington DC 20210
    Respondent

Case: 1:08-mc-00450
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/9/2008
Description: Miscellaneous

**MOTION FOR ORDER PURSUANT TO THE CUSTOMER CHALLENGE
PROVISIONS OF THE RIGHT TO FINANCIAL PRIVACY
ACT OF 1978**

    Comes now David Hare, through counsel, and hereby moves this court, pursuant to 12 USC 3410, for an order preventing the Office of Inspector General, United States Department of Labor, from obtaining access to his financial records held by Maryland Bank and Trust Company, NA.

    In support of this motion, a sworn statement is attached.

1

DAVID HARE
By Counsel

_____
Stephen Domenic Scavuzzo (DC 318279)
8200 Greensboro Drive
Suite 900
Mclean VA 22102
(703) 319 8770

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the motion, affidavit and order was faxed to Daniel Petrole Esq., Deputy Inspector General @ 202 693 7020 this 9th day of July 2008.

_____
Stephen Scavuzzo

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

DAVID HARE
P.O. BOX 824
Indian Head MD 20640
    Petitioner

V

OFFICE INSPECTOR GENERAL
United States Department of Labor
Room S-5506
200 Constitution Avenue NW
Washington DC 20210
    Respondent

## AFFIDAVIT OF DAVID HARE

1. I am the Petitioner in the above captioned case and have personal knowledge of the matters stated below.

2. I received the request for a subpoena of my financial records on Monday June 30, 2008 when I signed the certified mail receipt.

3. I am a customer of Maryland Bank and Trust Company NA and I am the person whose financial records are being requested. I wish to challenge the government's access to my records.

08-450

FILED

JUL - 9 2008

Clerk, U.S. District and
Bankruptcy Courts

DEH.

4. The financial records sought are not relevant to the litigation law enforcement inquiry stated in the Customer Notice. The record request is being made for all records from 1988 to the present. The bank destroys all records after 6 years. The records would not cover any wrong doing alleged prior to 2002.

5. The financial records sought should not be disclosed because there has not been substantial compliance with 12 USC 3410. There has been no declaration or other certification filed showing why probable cause exits to believe that Department of Labor regulations were violated COLLINS v CFTC 737 F SUPP 1467 (ND Ill 1990).

6. In light of the foregoing, the financial records sought should not be disclosed because there is not a sufficient basis to believe that the law enforcement inquiry is legitimate. IN RE BLUNDEN 896 F Supp 996, 999 (C D CAL 1995).

7. I declare under penalty of perjury that the foregoing is true and correct.


_David Hare_
DAVID HARE

DATE: 7-8-08